UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ji Quan Lin, Tian Ming Liu, and Zeng Xiu Liu, individually and on behalf all other employees similarly situated, <br><br> Plaintiffs, <br><br> - against - <br><br> Wang's Great Wall Inc. d/b/a Great Wall, Jun Xing Wang, and "John" (first name unknown) Zou <br><br> Defendants. | Case No. <br><br> **COLLECTIVE ACTION COMPLAINT** |

Plaintiffs Ji Quan Lin, Tian Ming Liu, and Zeng Xiu Liu ("Plaintiffs") on their own behalf and on behalf of all others similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby file this complaint against the Defendants Wang's Great Wall Inc. d/b/a Great Wall, Jun Xing Wang, and "John" (first name unknown) Zou, (collectively "Defendants"), allege and show the Court the following:

## INTRODUCTION

1.      This is an action brought by Plaintiffs on their own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, minimum wages, overtime compensation for all hours worked over forty (40) each workweek, and the spread of hours premium.

3.      Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) reimbursement for expenses relating to tools of the trade, (5) prejudgment and post-judgment interest, and (6) attorneys' fees and costs.

4.      Plaintiffs further allege pursuant to New York Labor Law § 650 et seq. and Part 146 of Title 12 of the Official Compilation of Codes, Rules and Regulations of the State of New York ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) unpaid "spread of hours" premium for each day they worked more than ten hours, (4)compensation for failure to provide wage notice at the time of hiring and failure to provide wage statements (paystubs) in violation of the NYLL, (5) liquidated damages equal to the sum of unpaid minimum wages, unpaid overtime compensation, and unpaid "spread of hours" premium, pursuant to the NY Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFFS**

7.      Plaintiff Ji Quan Lin is a resident of New York county and was employed as a delivery worker by Wang's Great Wall Inc. d/b/a Great Wall located at 384 Grand Street, New York, NY 10002 from March 29, 2017 to July 25, 2017.

8.      Plaintiff Tian Ming Liu is a resident of New York county and was employed as a delivery worker by Wang's Great Wall Inc. d/b/a Great Wall located at 384 Grand Street, New York, NY 10002 from December 1, 2016 to July 25, 2017.

9.      Plaintiff Zeng Xiu Liu is a resident of New York county and was employed as a delivery worker by Wang's Great Wall Inc. d/b/a Great Wall located at 384 Grand Street, New York, NY 10002 from October 2016 to July 25, 2017.

**DEFENDANTS**

10.      Upon information and belief, defendant Wang's Great Wall Inc. d/b/a Great Wall ("Corporate Defendant") owns and operates a restaurant located at 384 Grand Street, New York, NY 10002.

11.      Upon information and belief, defendant Wang's Great Wall Inc. d/b/a Great Wall had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12.      Upon information and belief, defendant Wang's Great Wall Inc. d/b/a Great Wall purchased and handled goods moved in interstate commerce.

13.      Upon information and belief, Defendant Jun Xing Wang, is the owner, officer, director and/or managing agent of Wang's Great Wall Inc. d/b/a Great Wall at 384 Grand Street, New York, NY 10002 and participated in the day-to-day operations of Great Wall Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and

regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Wang's Great Wall Inc. d/b/a Great Wall.

14.    Upon information and belief, Defendant Jun Xing Wang owns the stock of Wang's Great Wall Inc. d/b/a Great Wall and manages and makes all business decisions including but not limited to the amount in salary the employees will receive and the number of hours employees will work. (See Exhibit 2).

15.    Upon information and belief, Defendant "John" Zou (first name unknown), is the owner, officer, director and/or managing agent of Wang's Great Wall Inc. d/b/a Great Wall at 384 Grand Street, New York, NY 10002 and participated in the day-to-day operations of Wang's Great Wall Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Wang's Great Wall Inc. d/b/a Great Wall.

16.    Upon information and belief, Defendant "John" Zou (first name unknown), owns the stock of Wang's Great Wall Inc. d/b/a Great Wall and manages and makes all business decisions including but not limited to the amount in salary the employees will receive and the number of hours employees will work. (See Exhibit 2).

17.    At all times relevant herein, Wang's Great Wall Inc. d/b/a Great Wall was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

18.    At all relevant times, the work performed by Plaintiffs were directly essential to the business operated by Wang's Great Wall Inc. d/b/a Great Wall.

19.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages, overtime compensation, spread-of-hour premiums, and

failed to provide them wage notices at the time of hiring and furnish them with wage statements with every payment of wages in violation of the NYLL.

20.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

21.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

22.     Defendants knew that the nonpayment of minimum wages, overtime pay, spread of hours pay, failure to provide the required wage notice at the time of hiring and provide wage statements with every payment of wages would injure Plaintiffs and similarly situated employees and violate state and federal laws.

### Plaintiff Ji Quan Lin

23.     From March 29, 2017 to July 25, 2017, Plaintiff Ji Quan Lin was hired by Defendants to work as a delivery worker for Defendants' restaurant located at 384 Grand Street, New York, NY 10002.

24.     During this period, Plaintiff Ji Quan Lin worked six days per week with only Tuesday off. His work schedule on Monday and Wednesday through Saturday ran from 11:00am to 12:30am with no break for thirteen hours and half hours (13.5) each day. On Sunday, he works from 11:30am to 11:00pm for eleven and a half (11.5) hours each day. During this period, Plaintiff worked at least seventy-nine (79) hours per week.

25.     Regardless of Plaintiff Ji Quan Lin's hours worked, he was paid a fixed monthly rate of $1,500, meaning $346.15 per week.

26.    Plaintiff Ji Quan Lin was not required to utilize any means of recording or verifying their hours worked (e.g. punch clock, sign-in sheet, fingerprint or ID scanner).

27.    Defendants did not compensate Plaintiff Ji Quan Lin for minimum wage or overtime compensation according to state and federal laws.

28.    Plaintiff Ji Quan Lin was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours, one five days each week.

29.    Defendants did not provide Plaintiff Ji Quan Lin with a wage notices at the time of their hiring.

30.    The applicable minimum wage for the period of March 29, 2017 to July 25, 2017 was $11.00 per hour.

31.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

32.    Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff Ji Quan Lin and the Class Members by their violation of federal and state laws.

33.    While employed by Defendants, Plaintiff Ji Quan Lin was not exempt under federal and state laws requiring employers to pay employees overtime.

34.    Plaintiff Ji Quan Lin and the New York Class Members' workdays frequently lasted longer than 10 hours.

35.    Defendants did not pay Plaintiff Ji Quan Lin and other Class members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

36.    Defendants failed to keep full and accurate records of Plaintiff Ji Quan Lin's hours and wages.

37.    Defendants did not provide Plaintiff Ji Quan Lin and other Collective members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff Ji Quan Lin and other Class members' pay increase(s).

38.    Under the FLSA, Plaintiff Ji Quan Lin is entitled to a credit for expenses for tools of trade.

39.    The governing test regarding the "tools of the trade" is stated in the pertinent Department of Labor regulations: "if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act" 29 C.F.R. § 531.35.

40.    Defendants knowingly and willfully operated their business with a policy of not reimbursing Plaintiffs for expenses incurred in relation to tools of the trade used by Plaintiffs in order to deliver food to customers of Defendants. Specifically, Plaintiff Ji Quan Lin was required to spend $1,500 for the purchase of an electronic bike and $100 monthly expenses on maintenance during the relevant period in order to perform deliveries.

41.    Defendants committed the foregoing acts against the Plaintiff Ji Quan Lin, and the FLSA Collective Plaintiff(s).

**Plaintiff Tian Ming Liu**

42.    From December 1, 2016 to July 25, 2017, Plaintiff Tian Ming Liu was hired by Defendants to work as a delivery worker for Defendants' restaurant located at 384 Grand Street, New York, NY 10002.

7

43.     During this period, Plaintiff Tian Ming Liu worked six days per week with only Monday off. His work schedule on Tuesday through Saturday ran from 11:00am to 12:30am with no break for thirteen hours and half hours (13.5) each day. On Sunday, he works from 11:30am to 11:00pm for eleven and a half (11.5) hours each day. During this period, Plaintiff Tian Ming Liu worked at least seventy-nine (79) hours per week.

44.     Regardless of Plaintiff Tian Ming Liu's hours worked, he was paid a fixed monthly rate of $1,500, meaning $346.15 per week.

45.     Plaintiff Tian Ming Liu was not required to utilize any means of recording or verifying their hours worked (e.g. punch clock, sign-in sheet, fingerprint or ID scanner).

46.     Defendants did not compensate Plaintiff Tian Ming Liu for minimum wage or overtime compensation according to state and federal laws.

47.     Plaintiff Tian Ming Liu was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours, one five days each week.

48.     Defendants did not provide Plaintiff Tian Ming Liu with a wage notices at the time of their hiring.

49.     The applicable minimum wage for the period of December 1, 2016 to December 31, 2016 was $9.00 per hour.

50.     The applicable minimum wage for the period of January 1, 2017 to July 25, 2017 was $11.00 per hour.

51.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

52.     Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff Tian Ming Liu and the collective members by their violation of federal and state laws.

53.     While employed by Defendants, Plaintiff Tian Ming Liu was not exempt under federal and state laws requiring employers to pay employees overtime.

54.     Plaintiff Tian Ming Liu and the New York collective members' workdays frequently lasted longer than 10 hours.

55.     Defendants did not pay Plaintiff Tian Ming Liu and other collective members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

56.     Defendants failed to keep full and accurate records of Plaintiff Tian Ming Liu's hours and wages.

57.     Defendants did not provide Plaintiff Tian Ming Liu and other collective members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff Tian Ming Liu and other collective members' pay increase(s).

58.     Under the FLSA, Plaintiff Tian Ming Liu is entitled to a credit for expenses for tools of trade.

59.     The governing test regarding the "tools of the trade" is stated in the pertinent Department of Labor regulations: "if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act" 29 C.F.R. § 531.35.

60.    Defendants knowingly and willfully operated their business with a policy of not reimbursing Plaintiffs for expenses incurred in relation to tools of the trade used by Plaintiffs in order to deliver food to customers of Defendants. Specifically, Plaintiff Tian Ming Liu was required to spend $1,500 for the purchase of an electronic bike and $100 monthly expenses on maintenance during the relevant period in order to perform deliveries.

61.    Defendants committed the foregoing acts against the Plaintiff Tian Ming Liu, and the FLSA Collective Plaintiff(s).

**Plaintiff Zeng Xin Liu**

62.    From December 1, 2016 to July 25, 2017, Plaintiff Zeng Xin Liu was hired by Defendants to work as a delivery worker for Defendants' restaurant located at 384 Grand Street, New York, NY 10002.

63.    During this period, Plaintiff Zeng Xin Liu worked six days per week with only Wednesday off. His work schedule on Monday, Tuesday, and Thrusday through Saturday ran from 11:00am to 12:30am with no break for thirteen hours and half hours (13.5) each day. On Sunday, he works from 11:30am to 11:00pm for eleven and a half (11.5) hours each day. During this period, Plaintiff Tian Ming Liu worked at least seventy-nine (79) hours per week.

64.    Regardless of Plaintiff Zeng Xin Liu's hours worked, he was paid a fixed monthly rate of $1,500, meaning $346.15 per week.

65.    Plaintiff Zeng Xin Liu was not required to utilize any means of recording or verifying their hours worked (e.g. punch clock, sign-in sheet, fingerprint or ID scanner).

66.    Defendants did not compensate Plaintiff Zeng Xin Liu for minimum wage or overtime compensation according to state and federal laws.

67.    Plaintiff Zeng Xin Liu was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours, one five days each week.

68.    Defendants did not provide Plaintiff Zeng Xin Liu with a wage notices at the time of their hiring.

69.    The applicable minimum wage for the period of October, 2016 to December 31, 2016 was $9.00 per hour.

70.    The applicable minimum wage for the period of January 1, 2017 to July 25, 2017 was $11.00 per hour.

71.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

72.    Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff Zeng Xin Liu and the collective members by their violation of federal and state laws.

73.    While employed by Defendants, Plaintiff Zeng Xin Liu was not exempt under federal and state laws requiring employers to pay employees overtime.

74.    Plaintiff Zeng Xin Liu and the New York collective members' workdays frequently lasted longer than 10 hours.

75.    Defendants did not pay Plaintiff Zeng Xin Liu and other collective members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

76.    Defendants failed to keep full and accurate records of Plaintiff Zeng Xin Liu's hours and wages.

77.    Defendants did not provide Plaintiff Zeng Xin Liu and other collective members with written notices about the terms and conditions of their employment upon hire in relation to

their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff Zeng Xin Liu and other collective members' pay increase(s).

78.    Under the FLSA, Plaintiff Zeng Xin Liu is entitled to a credit for expenses for tools of trade.

79.    The governing test regarding the "tools of the trade" is stated in the pertinent Department of Labor regulations: "if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act" 29 C.F.R. § 531.35.

80.    Defendants knowingly and willfully operated their business with a policy of not reimbursing Plaintiffs for expenses incurred in relation to tools of the trade used by Plaintiffs in order to deliver food to customers of Defendants. Specifically, Plaintiff Zeng Xin Liu was required to spend $1,500 for the purchase of an electronic bike and $100 monthly expenses on maintenance during the relevant period in order to perform deliveries.

81.    Defendants committed the foregoing acts against the Plaintiff Zeng Xin Liu, and the FLSA Collective Plaintiff(s).

## COLLECTIVE ACTION ALLEGATIONS

82.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees applicable minimum wage rates, either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

83.    Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other similarly situated employees.

84.    Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, and overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan not to provide required wage notices at the time of hiring and wage statements with every payment of wages, in contravention to federal and state labor laws.

85.    Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

86.    Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment

law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

87.    This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

88.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

89.    Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members minimum wages or overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

e. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring and wage statements with each payment of wages as required by the NYLL;

f. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

90.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

91.     Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of the Plaintiffs and the FLSA Collective]**

92.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

93.     At all times relevant to this action, the Defendants were Plaintiffs' employers within the meaning of 29 U.S.C. §203 (d).

94.     At all times relevant to this action, Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §206 (a) and §207 (a).

95.     Defendants have willfully failed to compensate the Plaintiffs and collective members the applicable minimum wage in violation of 29 U.S.C. §206 (a).

96.     Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional within the meaning of 29 U.S.C. §255(a).  Defendants have failed to make a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs and collective members.

97.     Due to Defendants' FLSA violations, Plaintiffs and collective members are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, specifically 29 U.S.C. §216(b), all in an amount to be determined at trial.

## COUNT II
**[Violations of the Fair Labor Standards Act—Overtime Wage**
**Brought on behalf of the Plaintiffs and the FLSA Collective]**

98.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

99.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

100.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages.  29 U.S.C §216(b).

101.     Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pays violated the FLSA.

102.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per  workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

103.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

104.     Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collective's labor.

105.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Action Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT III
### [Violation of New York Labor Law—Minimum Wage
### Brought on behalf of the Plaintiffs, and the FLSA Collective]

106.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as

though fully set forth herein.

107.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

108.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employees.

109.     Defendants knowingly and willfully violated Plaintiffs' and Collective Action Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT IV
### [Violation of New York Labor Law—Overtime Pay]

110.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

111.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

112.     Defendants' failure to pay Plaintiffs their overtime pay violated the NYLL.

113.     Defendants' failure to pay Plaintiffs was not in good faith.

## COUNT V
### [Violation of New York Labor Law—Spread of Time Pay]

114.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

115.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

116.    Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

**COUNT VI**
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement]**

117.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

118.    The defendants failed to furnish to the Plaintiffs at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

119.    Due to the defendants' violation of the NYLL § 195(1), the Plaintiffs are entitled to recover from the defendants liquidated damages of $50.00 per workday that the violation occurred, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-b).

120.    The defendants failed to furnish with each wage payment a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL, § 195(3).

121.    Due to the defendants' violation of the NYLL, § 195(3), the Plaintiffs are entitled to recover from the defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-d).'The defendants' NYLL violations have caused the Plaintiffs irreparable harm for which there is no adequate remedy at law.

## COUNT VII
### [Violation of New York Labor Law—New York Pay Statement Requirement]

122.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

123.    The defendants failed to furnish with each wage payment a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL, § 195(3).

124.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay statement on or after each Plaintiff's payday.

125.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VIII
**[Violation of the Fair Labor Standards Act —Failure Reimburse for Expenses relating to Tools of the Trade]**

126.    Plaintiffs on behalf of himself and all other similarly situated Collective Action Members repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

127.    At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiffs for expenses incurred in relation to tools of the trade used by Plaintiffs in order to deliver food to customers of Defendants.

128.    Defendants failed to pay Plaintiffs for expenses incurred in relation to tools of the trade, that is $1,500 for the purchase of an electric bicycle and a monthly $100 expense for maintenance.  At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiffs for expenses incurred in relation to tools of the trade used by Plaintiffs in order to deliver food to customers of Defendants.

129.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiffs when Defendants knew or should have known such was due.

## COUNT IX
**[Civil Damages for Deceptive Acts and Practices — Violations of New York General Business Law §349 Brought on Behalf of the Plaintiff]**

130.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

131.    NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

132.    Due to Defendants' violations of NY GBS Law §349, Plaintiffs are entitled to recover from Defendants, jointly and severally, his actual damages or fifty dollars ($50), whichever is greater, or both such actions.

133.    Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation (See Exhibit 3).

### **Prayer for Relief**

WHEREFORE, Plaintiffs, on behalf of himself and the FLSA collective plaintiffs, respectfully requests that this court enter a judgment providing the following relief:

a)    Authorizing plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)    Certification of this case as a collective action pursuant to FLSA;

c)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and his counsel to represent the Collective Action Members;

d)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)    An injunction against Wang's Great Wall Inc. d/b/a Great Wall, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid minimum wages due under FLSA and NYLL plus compensatory and liquidated damages;

g)    An award of unpaid overtime wages due under FLSA and New York Labor Law plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after June 26, 2009 under NY Wage Theft Prevention Act, and interest;

h)    An award of unpaid "spread of hours" premium due under the New York Labor Law;

i)    An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

j)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

k)    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)    The cost and disbursements of this action;

n)    An award of prejudgment and post-judgment fees;

o)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs, on behalf of themselves and the Collective Action Members, demand a trial by jury on all questions of fact raised by the complaint.

Dated:  
August 18, 2017  
Flushing, NY

HANG & ASSOCIATES, PLLC.

/s/ *Jian Hang*

Jian Hang, Esq.  
136-18 39th Ave., Suite 1003  
Flushing, New York 11354  
Tel: 718.353.8588  
jhang@hanglaw.com  
*Attorneys for Plaintiffs*

# EXHIBIT 1

**CONSENT TO SUE UNDER
FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Wang's Great Wall Inc., Jun Xing Wang, and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*LIN JI QUAN*

Full Legal Name (Print)

*LIN JI QUAN*

Signature

8 / 15 / 17

Date

**CONSENT TO SUE UNDER
FEDERAL FAIR LABOR STANDARDS ACT**

     I am an employee currently or formerly employed by Wang's Great Wall Inc., Jun Xing Wang, and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Tian Ming Liu
Full Legal Name (Print)

Tian Ming Liu
Signature

8/15/17
Date

27

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Wang's Great Wall Inc., Jun Xing Wang, and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

zeng Xi'u Li'u
_____
Full Legal Name (Print)

zeng xiu Li'u
_____
Signature

8  15  2017
_____
Date

# EXHIBIT 2

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED

TO:   Jun Xing Wang

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Ji Quan Lin, Tian Ming Liu, Zeng Xiu Liu, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Wang's Great Wall Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: August 18, 2017

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO:    "John" Zou (first name unknown)

     PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Ji Quan Lin, Tian Ming Liu, Zeng Xiu Liu, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Wang's Great Wall Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

     Dated: August 18, 2017

# EXHIBIT 3

**DEMAND BY EMPLOYEES TO INSPECTSHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:    Wang's Great Wall Inc. d/b/a Great Wall
          384 Grand Street, New York, NY 10002

  PLEASE TAKE NOTICE, that Ji Quan Lin, Tian Ming Liu, Zeng Xiu Liu and others similarly situated as employees of the above corporation who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporation for services performed by them for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

  HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporation and to make extracts there from on or after five (5) days from receipt of this notice.

  Dated: August 18, 2017