

Law Office of Aihong You
ATTORNEY AT LAW

New York Office
9 Mott Street, Suite 600
New York, New York 10013
Tel: (917) 412-3603
Firm Fax: (732) 909-2214

New Jersey Office
200 Centennial Ave. Suite 200
Piscataway, New Jersey 08854
Tel: (732) 532-8862

Aihong You, Esq.
aihong.you@aihonglaw.com

October 18, 2018

**Via ECF**
Hon. Ona T. Wang
United States Magistrate Judge
Court Room 20D
500 Pearl St.
New York, NY 10007

**Re: Lin et al. v. Wang's Great Wall Inc. et al.**
**Docket No.: 1:17-cv-06292-SHS-OTW**

Dear Judge Wang:

I represent Defendant Jun Xing Wang and her company Wang's Great Wall Inc. in the above-captioned matter and submit this letter to the Court with the approval of Plaintiffs' counsel Ge Qu, Esq., for the Court's assessment of and approval of the settlement agreement reached by the parties. The Settlement Agreement, fully executed by the parties, is being submitted contemporaneously with this letter, and the parties submit that the Court should approve the settlement agreement and dismiss the case because the settlement is a fair resolution of this matter, negotiated in an arm's length negotiation between experienced counsel.

Plaintiff Ji Qian Lin, Tian Ming Liu and Zeng Xiu Liu filed their complaint in this matter on August 21, 2017. Each plaintiff asserted causes of action pursuant to the Fair Labor Standards Act and New York Labor Law. Specifically, plaintiffs alleged that they worked for defendant restaurant as delivery workers for varying periods of time between December of 2016 and July of 2017. Plaintiffs each alleged that they were paid less than the applicable minimum wages, and that they worked significant amounts of overtime each week. In answer, defendants denied all of plaintiffs' allegations.

Plaintiffs contended that they did not receive overtime premiums at any point, nor did they receive "spread of hours" premiums, despite working shifts lasting in excess of ten hours. Additionally, plaintiffs – who were paid in cash – asserted that they did not receive the required weekly or annual notices under the Wage Theft Prevention Act.

Defendants contended that plaintiffs received proper minimum wage and overtime wages for the entire time period when they were employed by Defendant restaurant. Defendants also contended



Law Office of Aihong You
ATTORNEY AT LAW

New York Office
9 Mott Street, Suite 600
New York, New York 10013
Tel: (917) 412-3603
Firm Fax: (732) 909-2214

New Jersey Office
200 Centennial Ave. Suite 200
Piscataway, New Jersey 08854
Tel: (732) 532-8862

that Plaintiffs were not entitled to "spread of hours" premiums, because plaintiffs did not work more than nine hours per work day for the most part of their employment with Defendant restaurant. Defendants asserted that although plaintiffs were paid in cash, because all restaurants' revenues were generated from food delivery and ninety percent (90%) of deliveries were ordered through the online ordering systems, defendants have records to show the amount of the tips that tipped employees received on a daily basis. As Defendants allege that all plaintiffs were tipped employees at all relevant period of time, and thus, in addition to their admitted weekly salary, plaintiffs have received significant tips on a daily basis for their food delivery work. Additionally, defendants asserted that plaintiffs' wage calculation should include a deduction of reasonable costs for free meals that the restaurants provided to their employees each work day. Defendants further contended the duration where plaintiffs were allegedly employed by Defendant restaurant and the actual hours that they worked during their employment. Defendants have records show that Plaintiff Tian Ming Liu took several weeks off to renovated his home during his alleged employment with Defendant restaurant.

Were Plaintiffs to prevail on all their claims in the complaint, Plaintiffs could have recovered $93,736.50 in back wages, exclusive of liquidated damages, statutory damages under the Wage Theft Prevention Act, and attorney's fees and costs. Based on the amount of the wages that allegedly were paid to plaintiffs and the records showing the plaintiffs' work hours, defendants denied any liabilities owing to either plaintiff for their unpaid minimum wages, overtime wages, spread of hours, or Wage Theft prevention Act claims.

Taking all above factors and disputes into consideration, the parties therefore have agreed to settle the case for a total of $50,000 to resolve all of plaintiffs' claims against defendants, paid out in one lump sum payment of $15,000 within 2 weeks upon the Court's approval of the settlement agreement, and with subsequent12 installments thirty days apart. Plaintiffs believe this settlement to be a fair resolution to this litigation, due to bona fide disputes about the validity and the value of plaintiffs' claims. For the settlement fund, Mr. Jian Quan Lin will be receiving $7,344.87 for his alleged 3 months' employment, Mr. Tian Ming Liu will be receiving $12, 460.90 for his alleged 8 months' employment, and Mr. Zeng Xiu Liu will be receiving $12,460.90 for his alleged 8 months' employment. After the Court approves the settlement agreement, this case will be dismissed with prejudice. The Corporate Defendant and Non-Party Payor Jia Jian Wang will guarantee the settlement payment by executing a confession of judgment.

The parties believe that the settlement agreement is a fair solution of their bona fide dispute. First, Plaintiffs' calculations are based on their own testimonies about their respective work schedules and pay. Plaintiffs have no records of their own of their hours worked or compensation. Defendants have records showing the tip receipts of the restaurants and allegedly have witnesses to testify the daily tip pay for all tipped employees. While these records and witnesses' testimonies may not



Law Office of Aihong You
ATTORNEY AT LAW

New York Office
9 Mott Street, Suite 600
New York, New York 10013
Tel: (917) 412-3603
Firm Fax: (732) 909-2214

New Jersey Office
200 Centennial Ave. Suite 200
Piscataway, New Jersey 08854
Tel: (732) 532-8862

necessarily refute plaintiffs' position in its entirety, they raise the possibility that plaintiffs' claims about the number of hours they worked and plaintiffs' description about their pay may not fully be believed.

Second, plaintiffs' calculations are based on the assumption that they never missed any days of work – no sick days, no vacation days, no holidays – in the time that they each worked for defendants, despite generally working six-seven days per week. That assumption was made for settlement purposes, for calculating the maximum that plaintiffs could be entitled to. Defendants have records showing that all plaintiffs took days off during their employment with defendants. Defendants allegedly have witnesses who will testify the work schedules of the employees, including the work schedule of Plaintiffs. Defendants' records and witnesses' testimonies, if believed, would reduce the amounts plaintiffs were entitled to.

By settling now, plaintiffs each receive more than their alleged actual damages, while enabling plaintiffs and defendants to avoid the risks inherent in any trial, and without needing to wait the many months it would take to schedule and conduct such a trial. Based on our assessment of litigation risks, which I have discussed thoroughly with my clients and which I believe that Plaintiffs' counsel has also discussed thoroughly with his clients, the parties have made their decision to accept this settlement.

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to Hang & Associates, PLLC's agreement with the Plaintiffs, Plaintiffs' firm will be reimbursed $1,600.00 in filing fees, costs, and retain 1/3 of the remaining settlement amount of $48,400.00 as attorneys' fees, which is $10,308.34. This is a standard and acceptable arrangement for attorneys' fees considering the experience and expertise of Plaintiffs' firm.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in Cheeks, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (citing *Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

All of time billed was reasonably necessary to secure the results the parties have achieved thus far. Hang & Associates, PLLC will make the billing records available for in-camera review should the



Law Office of Aihong You
ATTORNEY AT LAW

New York Office
9 Mott Street, Suite 600
New York, New York 10013
Tel: (917) 412-3603
Firm Fax: (732) 909-2214

New Jersey Office
200 Centennial Ave. Suite 200
Piscataway, New Jersey 08854
Tel: (732) 532-8862

Court request them. Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. While the majority of Hang & Associates' plaintiff-side work is contingency based, Hang & Associates typically calculates its attorney fees based on its hourly rate. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. He currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law.

For all of the reasons set forth above, the parties request that the Court approve the settlement agreement and dismiss this case with prejudice. We are available at the Court's convenience should the Court have any questions regarding the contents of this letter.

Respectfully yours,

/s/
Aihong You, Esq.
Law Office of Aihong You
Attorneys for Defendants