**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                   :
JI QUAN LIN, et al.,                               :
                                                   :
                          Plaintiffs,              :          17-CV-6292 (OTW)
                                                   :
          -against-                                :          **OPINION & ORDER**
                                                   :
WANG's GREAT WALL INC. d/b/a Great Wall,           :
et al.,                                            :
                                                   :
                          Defendants.              :
                                                   :
------------------------------------------------------------x

    **ONA T. WANG, United States Magistrate Judge:**

    Plaintiffs brings this action in accordance with the Fair Labor Standards Act ("FLSA") and

New York Labor Law ("NYLL"), for allegedly unpaid overtime premium pay, alleged failure to

receive spread of hours premiums, alleged violations of the applicable minimum wage laws,

and for Defendants' alleged failure to provide certain notices required by the NYLL and Wage

Theft Prevention Act. Following a successful mediation before the Court-annexed Mediation

Program, the parties submitted their settlement agreement to this Court for approval under

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (*See* ECF 84). All parties

have consented to my exercising plenary jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF

80). For the reasons set forth below, the Court approves the agreement as fair and reasonable.

I.    **Background**

    Plaintiffs allege that they worked as delivery workers in Defendants' restaurant for

varying periods of time between December 2016 and July 2017. Plaintiff Ji Quan Lin alleges that

from March 29, 2017 to July 25, 2017, he worked at least seventy-nine hours per week, but that

Defendants paid him a fixed monthly rate of $1,500, or $346.15 per week. Plaintiffs Tian Ming

Liu and Zeng Xiu Liu allege that from December 1, 2016 to July 25, 2017, they worked at least

seventy-nine hours per week, but that Defendants paid them each a fixed monthly rate of

$1,500, or $346.15 per week.

Defendants deny Plaintiffs' allegations. They assert that they would call witnesses and

present objective, documentary evidence at trial that would show that Plaintiffs work as many

hours per day as they claim and that Plaintiffs received significant tips from their food

deliveries.

Plaintiffs alleges that they are owed $93,736.50 for their FLSA claims, unpaid wages, and

overtime premiums. The parties have agreed to resolve the matter for $50,000 inclusive of

attorneys' fees and costs, as set forth in the settlement agreement. Plaintiff Ji Quan Lin would

receive $7,344.87 for his alleged three months' employment and Plaintiffs Tian Ming Liu and

Zeng Xiu Liu would receive $12,460.90 each for their alleged eight months' employment.

Plaintiffs' counsel would receive $1,600 in costs and $10,308.34 in fees, representing one-third

of the remaining settlement amount after costs are subtracted, in accordance with Plaintiffs'

professional services-contingency fee agreement with their counsel.

The parties reached their proposed settlement during a mediation session held on

March 13, 2018, which was attended by the parties and their counsel. The parties also

appeared for a conference before me on June 26, 2018. The parties then submitted a joint

letter seeking approval of their settlement agreement, explaining in detail the parties'

positions, with a description of the method used to calculate the settlement amounts and an

explanation of the hours Plaintiffs worked and the wage at which they worked them. (ECF 47).

II.     **Discussion**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal

court, but subjects that grant of permission to the limitations imposed by "any applicable

federal statute." The United States Court of Appeals for the Second Circuit has held that, "in

light of the unique policy considerations underlying the FLSA," this statute falls within that

exception, and that "stipulated dismissals settling FLSA claims with prejudice require the

approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at

206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing

the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will
> enable the parties to avoid anticipated burdens and expenses in establishing their
> respective claims and defenses; (3) the seriousness of the litigation risks faced by the
> parties; (4) whether the settlement agreement is the product of arm's-length bargaining
> between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted). In this case, each of

those factors favor approval of the settlement.

    a.  **Range of Recovery**

First, the settlement awards Plaintiffs with approximately 34% of Plaintiffs' asserted

unpaid wages calculation. Given the risks of litigation, as discussed in more detail below, the

settlement amount is reasonable.

    b.  **Burden and Expense of Trial**

Second, the settlement enables the parties to avoid the burden and expense of

presenting their credibility-dependent case to a factfinder and being subject to cross-

examination at trial. The parties dispute the number of hours worked by Plaintiffs, dispute the

amount of tips Plaintiffs received, and dispute whether or not the proper legal notices were

given to Plaintiffs. Because the parties dispute the validity of the records of Plaintiffs' hours and

tips, the parties would have to rely on their own recollections and the recollections of others to

prove how many hours Plaintiffs worked and how much in tips they received. *See Yunda v. SAFI-*

*G, Inc.*, 15-CV-8861, 2017 WL 1608898, at *3 (S.D.N.Y. Apr. 28, 2017).

### c.  Litigation Risk

Third*,* the settlement will enable the Plaintiffs to avoid the risks of litigation. Plaintiffs

face the risk that a factfinder may credit Defendants' witnesses' testimony that Plaintiffs did

not work as many hours as they claim and that Plaintiffs received significant tips from their

deliveries. Thus, whether and how much they would recover at trial is uncertain. *See McMahon*

*v. Olivier Cheng Catering and Events, LLC*, 08-CV-8713, 2010 WL 2399328, at *5 (S.D.N.Y. Mar. 3,

2010).

### d.  Arm's-Length Negotiation

Fourth, this settlement was reached after participation in the Court-annexed Mediation

Program, during a mediation before the Court-appointed mediator, and therefore, the

settlement is the product of arm's-length bargaining between experienced counsel. Further, at

the conference held before me, both counsel zealously advocated for their clients. *See Medina*

*v. Almar Sales Co., Inc.*, 16-CV-4107, 2017 WL 3447990, at *2 (S.D.N.Y. Aug. 10, 2017).

### e.  Risk of Fraud or Collusion

Fifth, there is nothing in this record to suggest that the settlement was the product of

fraud or collusion. The fact that it was reached after a mediation before a Court-appointed

mediator reinforces the settlement's legitimacy. *See Gonzales v. 27 W.H. Bake, LLC*, 15-CV-

4161, 2018 WL 1918623, at *3 (S.D.N.Y. Apr. 20, 2018); *Khait v. Whirlpool Corp.*, 06-CV-6381,

2009 WL 6490085, at *1 (E.D.N.Y. Oct. 1, 2009).

Additional features of the settlement favor approval. The release is limited to claims

based on Plaintiffs' employment up to the date the agreement was signed, and is not

overbroad. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16,

2015). The attorneys' fee award of one-third of the settlement sum is reasonable and in

keeping with typical FLSA settlements in this district. *See Rodriguez-Hernandez v. K Bread & Co.*,

15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically

approve attorneys' fees that range between 30 and 33 1/3 %.")

Finally, this agreement also lacks certain objectionable provisions that have doomed

other proposed FLSA settlements. For instance, it contains no confidentiality provision, which

would contravene the purposes of the FLSA—indeed, the document has already been publicly

filed, and it does not include a restrictive non-disparagement provision. *See Martinez v.

Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016); *Lazaro-Garcia v.

Sengupta Food Servs.*, 15-CV-4259, 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015).

III.     **Conclusion**

For the foregoing reasons, the Court approves the parties' proposed settlement

agreement as fair and reasonable.

**IT IS HEREBY ORDERED THAT** this action is dismissed with prejudice and without costs

provided, however, that the Court retains jurisdiction pursuant to the terms of the settlement

agreement. Any pending motions are to be terminated as moot and all conferences are

cancelled.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: October 24, 2018                         **Ona T. Wang**
    New York, New York                    United States Magistrate Judge